Hillman, J.
STATEMENT OF THE CASE
The plaintiffs husband was hired by the City of Worcester in the 1960s with a 61% disability that he had received in the military. During the 21 years that he worked for the City of Worcester as a custodian he received treatment for the condition which was a circulatory problem in his legs. He suffered from phlebitis. On August 17, 1987 he got his foot caught in a two-wheeled cart and sustained additional disabling injuries to his leg. He never returned to work and filed for accidental disability retirement. His application was pending until his death in 1992. His estate now makes claims for the accidental death benefits that they claim he was entitled to between 1987 and 1992.
Several issues present themselves to the court. First is the survivability of causes of action brought under chapter 32, specifically Section 7. If the court finds that benefits due under that section survive the death of the beneficiary then the court must determine whether they should be awarded to the plaintiffs estate in this case or whether some other remedy needs to be fashioned.[1]
This court can find no guidance with respect to whether or not the plaintiffs claim for accidental death benefits survives the death of the original claimant. Counsel for the defendant points to Section 6 and 7 of the chapter 32 which when read together indicate that the best that this court can do is to remand the matter to a new medical panel. The effect of a new medical panel would only serve to further frustrate the situation since the plaintiff has been deceased some eight years. While it seems to confer a windfall to the plaintiff this court is of the opinion that the plaintiffs application for accidental death benefits under G.L.c. 32, s.7 does not survive the death of Richard Ritacco.

The plaintiff suggests that the court has the authority to remand this case back to the Contributory Retirement Appeals Board for a further panel even though the applicant has been deceased since 1992.